Gordon Lewis, Bar #015162
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7897
glewis@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert J. Wilson,<br><br>                              Plaintiff,<br><br>        v.<br><br>Governing Board of Maricopa County Community College District; Maria Harper-Marinick, in her individual and official capacity; and Kate Smith, in her individual and official capacity,<br><br>                              Defendants. | NO. 4:19-cv-00068-JAS<br><br>**Defendants' Motion to Dismiss** |

Defendants Maricopa County Community College District ("MCCCD" or "the District"), Maria Harper-Marinick, and Kate Smith (collectively "Defendants") move to dismiss Plaintiff's Procedural Due Process, Substantive Due Process, Equal Protection and Intentional Infliction of Emotional Distress claims pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Plaintiff Robert Wilson is a former adjunct professor whose employment with the District was terminated in the fall of 2018.  His Procedural Due Process (Count I), Substantive Due Process (Count II), and Equal Protection Claims (Count III) all arise from his mistaken belief that he was entitled to a hearing in connection with his termination.  He was not.  The allegations in the complaint establish that Plaintiff is an at

7431387.1

will employee under Arizona law. See A.R.S. § 23–1501(2).[1] Nor is Plaintiff entitled to a name clearing hearing in connection with his termination. He has not alleged an infringement upon his liberty interest that would trigger a right to a name clearing hearing. Further, Plaintiff cannot bring an equal protection claim because he is not a member of a protected class. Finally, Defendants' alleged actions, as set forth in the complaint, are insufficient to state a claim under Arizona law for intentional infliction of emotional distress (Count V).

For these reasons, as set forth in more detail in the memorandum of points and authorities below, Counts I, II, III, and V of Plaintiff's lawsuit should be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF DOES NOT HAVE A PROPERTY INTEREST IN THE ADJUNCT PROFESSOR POSITION

Count I of Plaintiff's complaint, alleging a 14th Amendment Due Process claim based on the denial of a property interest in his employment, is meritless. Due process protects only an employee who has a property interest in continued employment, and who is terminated from that employment. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (to state a claim under the Due Process Clause, a plaintiff must first establish that he possessed a "property interest" that is deserving of constitutional protection). State law dictates whether an individual has a property right in continued employment. *Id*. ("Property interests ... are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits"), citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

---

[1] For purposes of the motion, Plaintiff's factual allegations are assumed to be true. Defendants do not acknowledge the truth of any of Plaintiff's allegations, and do not waive any of their defenses by virtue of this Motion.

Plaintiff's complaint acknowledges that Plaintiff was an adjunct professor with no contract of employment (Doc. 1 at ¶15). As an adjunct professor, Plaintiff was an at-will employee, and had no protected property interest in his continued employment. Under the Arizona Employment Protection Act ("AEPA"), the public policy of the state of Arizona is that an employment relationship is at-will, "unless both the employee has signed a written contract to the contrary…expressly restricting the right of either party to terminate the employment relationship." A.R.S. §23-1501(2).

Plaintiff alleges that his employment relationship was formed when he sent an email to the Rio Salado Faculty Services Department accepting an assignment to teach one or more paralegal classes (Doc. 1 at ¶15). This is insufficient to defeat the presumption of at-will employment. First, the email exchange is not alleged to have contained an express restriction on the right of either party to terminate the employment relationship. Second, the email exchange does not contain signatures of both parties.

Plaintiff also alleges that he had a property interest in his employment because he "qualified for inclusion" in MCCCD's employment manual, and that he was entitled to notice and hearing under Policy A-3 of the handbook. (Doc. 1 at ¶¶22-23).[2] Plaintiff's allegations fail to meet the requirements of the AEPA. Under the AEPA an employee handbook may only form an employment contract, if it "expresses the intent that it is a contract of employment" ***and*** "expressly restrict[s] the right of either party to terminate the employment relationship." *Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, 194, ¶ 38, 33 P.3d 518, 528 (App. 2001). Plaintiff makes no allegation that the handbook expresses the intent to be a contract of employment. This claim, therefore fails and should be dismissed.

---

[2] Policy A-3 of the Staff Policy Manual, relied upon by Plaintiff, does not guarantee MCCCD employees due process rights. (See https://cdn.maricopa.edu/documents/pdf/hr/handbooks/Staff_Policy_Manual.pdf) The Court may consider this document without converting this motion into a Rule 56 motion, because it is both a public document and incorporated by reference in Plaintiff's complaint. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (Court may consider document relied upon by Plaintiff in ruling on a 12(b)(6) motion).

## II. **PLAINTIFF'S DISMISSAL DID NOT AFFECT ANY LIBERTY INTEREST**

Dismissal is also appropriate as to Count II of Plaintiff's complaint, in which, he alleges that Defendants' actions deprived him of a hearing to clear his name in connection with his termination. (Doc. 1 at ¶28). Plaintiff alleges this claim, which in essence asserts a due process violation arising from an injury to his liberty interest, as a substantive due process claim. In order to establish such a claim, Plaintiff must show not only that he is unable to pursue his occupation as a teacher, but also that this inability to do so is due to government actions that were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Wedges/Ledges of California, Inc. v. City of Phoenix*, Ariz., 24 F.3d 56, 65 (9th Cir. 1994). This kind of claim is limited "to extreme cases, such as a 'government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure.'" *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007), *aff'd* 553 U.S. 591 (2008) (employee must show that the stigmatizing actions make it virtually impossible for the employee to find new employment in his chosen field); *Trejo v. Shoben*, 319 F.3d 878, 889 (7th Cir.2003) (plaintiff must show that defendant's conduct "had the effect of blacklisting the employee from employment in comparable jobs.").

However, the only act that Plaintiff identifies as potentially stigmatizing is the designation that Plaintiff is ineligible for rehire. (Doc. 1 at ¶¶18, 31). This is insufficient to establish a right to a name clearing hearing. "Declining to rehire a claimant is not actionable under § 1983 when the employer has not imposed on the claimant 'a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.'" *Picht v. Peoria Unified Sch. Dist. No. 11 of Maricopa County*, 641 F. Supp. 2d 888, 893 (D. Ariz. 2009), citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573–74, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

This claim should also be dismissed.

### III. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM FOR AN EQUAL PROTECTION VIOLATION

In Count III, Plaintiff restates his due process claim as an equal protection claim alleging that because he did not receive notice and a hearing prior to his termination, he was "denied his equal rights of treatment with the other recognized employees of Defendants." (Doc. 1 at ¶¶33-35). First, this claim should be dismissed because Plaintiff's allegations do not demonstrate that he had a property interest in his employment and he therefore was not entitled to notice and a hearing before his termination.

Second, Plaintiff does not allege that he was a member of a protected class. He brings this claim as a "class-of-one." The Supreme Court has held that a public employee cannot state a claim under the Equal Protection Clause by alleging that he was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 598, 128 S. Ct. 2146, 2151, 170 L. Ed. 2d 975 (2008) (the class-of-one theory of equal protection has no application in the public employment context). Because this claim essentially asserts a "class of one" equal protection claim, which is not actionable, it should be dismissed.

### IV. PLAINTIFF'S DISMISSAL FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count V, Plaintiff makes a claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, Plaintiff must show: (a) conduct by the defendants was "extreme" and "outrageous," (b) that defendants either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would occur from their conduct, and (c) severe emotional distress resulting from defendants' conduct. *Mintz, v. Bell Atlantic Systems Leasing, Int., Inc.*, 183 Ariz.

7431387.1                                                   5

550, 553-54 905 P.2d at 559, 562-63 (App. 1995). To state a claim, a plaintiff must show that a defendants' acts were so outrageous in character so extreme degree as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community. *Id*. "Only when reasonable minds can differ in determining whether the conduct is sufficiently extreme and outrageous does the issue go to a jury." *Id*. The trial court determines whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief. *Id*.

As a matter of law, Plaintiff's allegations cannot give rise to a claim of intentional infliction of emotional distress. Plaintiff essentially alleges that as the result of a newspaper article, Defendants decided to terminate him. (Doc. 1 at ¶¶42-43). He was notified by his supervisor in a phone call. (Doc. 1 at ¶42). Nothing about the alleged conduct is so outrageous in character or so extreme degree as to be regarded as utterly intolerable in a civilized community.

*Nelson v. Phoenix Resort Corporation*, 181 Ariz. 188, 888 P.2d 1375 (App. 1994), illustrates the appropriate result in this matter. In Nelson, the chief financial officer of the Phoenician was fired by being called at his home at 2:00 a.m., and was escorted from the Phoenician property accompanied by two security guards while the news media was present. *Nelson*, 181 Ariz. at 192-193, 888 P.2d 1379-1380. The CFO claimed that his termination constituted intentional infliction of emotional distress, but the court found that the termination was not outrageous and extreme conduct sufficient to state a claim. *Id*. at 199-200, 888 P.2d at 1386-1387. See also, *Mintz*, 183 Ariz. at 555, 905 P.2d at 563 (hand delivering letter to a hospitalized employee telling the employee to return to work or be fired is not "extreme and outrageous" conduct); *Tempesta v. Motorola, Inc.*, 92 F.Supp.2d 973 (D. Ariz. 1999) (employee whose job was eliminated after 13 years with the company and was subject to alleged harassing treatment by supervisor did not state a claim for intentional infliction of emotional distress); *Baron v. Arizona*, 270 Fed. Appx. 706, 710 (9th Cir. 2008). As in *Nelson*, the circumstances surrounding Plaintiff's termination do not rise to the level to support an intentional

infliction claim. Indeed, "[i]t is extremely rare to find conduct in the employment context that will arise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz*, 183 Ariz. at 554, 905 P.2d at 563 (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3rd Circuit 1988)). Plaintiff has not alleged facts that would state a claim on this Count, and his intentional infliction of emotional distress claim must be dismissed.

## V.   COMPLIANCE WITH LOCAL RULE 12.1(C)

Defendants, through undersigned counsel, certify that before filing this motion, they notified Plaintiff in writing of the issues asserted in the motion, pursuant to LRCiv. 12.1(c). Plaintiff did not respond, and so the parties were unable to agree that the pleading was curable in any part by a permissible amendment.

## VI.   CONCLUSION

For the reasons set forth above, Counts I, II, III and V, of Plaintiff's complaint should be dismissed with prejudice.

DATED this 7th day of March, 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ravi V. Patel
    Gordon Lewis
    Ravi V. Patel
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of March 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Ravi V. Patel