ROBERT J. WILSON
2151 N. Avenida Tabica
Green Valley, AZ 85614
Telephone: 520-982-1658
Email: bobbysvisa(at)gmail.com
PLAINTIFF,
In Propria Persona

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| ROBERT J. WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GOVERNING BOARD OF MARICOPA COUNTY COMMUNITY COLLEGE DISTRICT; MARIA HARPER-MARINICK, in her individual and official capacity; and KATE SMITH, in her individual and official capacity,<br><br>    Defendants. | NO. CV19-0068 TUCJAS<br><br>**Plaintiff's Response in Opposition to Defendants' Motion to Dismiss** |

    Plaintiff, Robert J. Wilson, responds herein to the Defendants' pending Motion to Dismiss.

    Defendants' Motion is without merit and is not supported by relevant facts, nor the State or Federal statutes and case law.

### MEMORANDUM OF POINT AND AUTHORITIES

I.    **PLAINTIFF DID HAVE A PROTECTED EMPLOYMENT PROPERTY INTEREST IN HIS EMPLOYMENT RELATIONSHIP WITH DEFENDANTS.**

    Plaintiff has clearly pled that Defendants created a special contractual relationship

with Plaintiff when they offered Plaintiff a promise of continued employment if Plaintiff would assist Defendants in creating a Paralegal Department from scratch at Defendant's Rio Salado Campus on or about 2010 and thereafter.

Defendants did not use a formal written contract to retain Plaintiff's services. Defendants had gone *green* and no longer used written contracts of employment in their dealings with Plaintiff. Defendants, by *custom and usage,* would instruct Plaintiff by email what services Defendants needed, and Plaintiff would accept the responsibility to perform those services by return email. This established a contract.

The said *green* contracts between Plaintiff and Defendants were to be used each school session (every eight weeks). Defendants continued that custom and usage from 2010 to the date of Plaintiff's unlawful termination on or about August 22, 2018. In the cited case of Defendants *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972), the Supreme Court stated clearly, "understandings that secure certain benefits and support claims of entitlements to those benefits"… are enforceable contracts. That is exactly what occurred when Defendants assured Plaintiff indefinite employment in their *development* of the Paralegal Department.

Furthermore, A.R.S. Section 23-1501 et seq. requires a written contract of employment between the parties and Defendants chose to go *green* with their contractual relationship with Plaintiff. Defendant can now not take a position that a *green* contract is outside the provisions of said Arizona Statute. If Defendants contends their *green* contracts are not enforceable contracts, the Defendants are guilty of the tort of common-law fraud in their dealings with Plaintiff.

Arizona State Statutes allow for the creation of enforceable *green* contracts, A.R.S. 44-7007, et seq., clearly states that, "a contract formed by an electronic record cannot be denied legal effect…"

## II. PLAINTIFF'S DISMISSAL DID AFFECT HIS LIBERTY INTEREST

Plaintiff re-alleges his above said support for the existence of his clearly established employment property interest to continued employment with Defendants.

Once Plaintiff pled his *green* contractual employment for an indefinite term and Plaintiff's protection under A.R.S. Section 23-1501(2) et seq., and the custom and usage of Defendants, Plaintiff raised the rebuttable presumption Plaintiff owned a protected property and liberty interest and Plaintiff's rights to Due Process under the provisions of the 14th Amendment and the Arizona Constitution's due process protection were perfected.

## III. DEFENDANTS VIOLATED PLAINTIFF'S RIGHTS TO EQUAL PROTECTION OF THE LAW.

Plaintiff re-alleges his previous statements about Plaintiff's established property interest in Plaintiff's continued employment relationship with Defendants.

Plaintiff has pled he was enrolled in Defendants' State Retirement Program and because of Plaintiff's assigned duties as a *course developer* and *course reviser,* in the Paralegal Department and Plaintiff's heavy teaching responsibility each eight week school session (teaching more than three courses per each session), Plaintiff was an *employee* under the terms of Defendants' Staff Policy Manual.

Defendants violated Plaintiff's rights to equal protection when Defendants

disregarded their own Staff Policy Manual by terminating Plaintiff without *notice* and a *hearing* of the grounds for Plaintiff's termination. No cause was given Plaintiff for his termination, nor opportunity afforded Plaintiff to address any grounds for Plaintiff's termination.

### IV. THERE WAS PROOF THAT DEFENDANTS CAUSED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF BY THEIR ACTS OF TERMINATION

Plaintiff re-alleges his past statements herein and furthermore states that Defendants' actions in discharging Plaintiff without cause was based on his candidacy for the Arizona State Senate on the Republican ballot.

Defendants were openly hostile to Republicans and President Trump, which was a clear violation of Defendants own Staff Policy Manual. Plaintiff was targeted because of Plaintiff's candidacy and not because of Plaintiff's job performance.

Defendants' actions were extreme, outrageous and unlawful and caused severe emotional distress resulting in Plaintiff having to be treated for clinical depression by licensed doctors.

### V. DEFENDANTS DID NOT COMPLY WITH LOCAL RULE 12.1(C)

Defendants did not contact Plaintiff prior to filing their Motion to Dismiss, and falsely stated, "Plaintiff did not respond."

### VI. CONCLUSION

For the reasons set forth above, Plaintiff requests that Defendants' Motion to Dismiss be denied.

1  DATED this 21st day of March, 2019.

By: _____
Robert J. Wilson,
Plaintiff, in Propria Persona
2151 N. Avenida Tabica
Green Valley, AZ 85614

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2019, I caused a true copy of this Response to be placed in the U.S. Mail, first class for filing with the Court and to Counsel for Defendants.

_____
Robert J. Wilson