Gordon Lewis, Bar #015162
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7897
glewis@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert J. Wilson,<br><br>                              Plaintiff,<br><br>v.<br><br>Governing Board of Maricopa County Community College District; Maria Harper-Marinick, in her individual and official capacity; and Kate Smith, in her individual and official capacity,<br><br>                              Defendants. | NO. 4:19-cv-00068-JAS<br><br>**Reply In Support of Defendants' Motion to Dismiss** |

As set forth in Defendant's Motion to Dismiss [Doc. 6] and the memorandum of points and authorities below, Counts I, II, III. V should be dismissed.

Plaintiff does not have a property interest in his continued employment that would support his 14th Amendment Due Process claim. Nor has he alleged any actions by Defendants which support a liberty interest claim under the 14th Amendment. Plaintiff provides neither legal authorities nor sufficient allegations to support of his equal protection claim. That claim fails both because Plaintiff was not entitled to notice and a hearing before his termination, and because he is asserting a "class of one" equal protection claim, which the Supreme Court held has no application in the public employment context. Finally, Plaintiff has not alleged conduct that is extreme and

7496464.1

outrageous under Arizona law, and so has failed to state a claim for Intentional Infliction of Emotional Distress.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PLAINTIFF DOES NOT HAVE A PROPERTY INTEREST IN THE ADJUNCT PROFESSOR POSITION**

Plaintiff's assertion that he was "offered" "a promise of continued employment" in exchange for creating a curriculum for the Paralegal Department [*Plaintiff's Response*, Doc. 8 at 2] does not meet the requirements under A.R.S. §23-1501(A)(2) to establish a contract of continued employment.  Plaintiff misreads *Bd. of Regents v. Roth*, for the proposition that an "understanding" could create a property interest in continued employment. [*Plaintiff's Response,* Doc. 8 at 2, citing 408 U.S. 564, 577 (1972)].   The Court in *Board of Regents* explained that property interests only exist to the extent they are created by state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).  In Arizona, the applicable law is the Employment Protection Act, which requires a fully executed written contract which "expressly restrict[s] the right of either party to terminate the relationship." A.R.S. §23-1501(A)(2).  There is no "rebuttable presumption" that Plaintiff had a protected property or liberty interest in his continued employment under Arizona law, and Plaintiff cites no authority in support of his claim. The presumption in Arizona is that an employee is at-will, with no property interest in continued employment.

The pertinent analysis in this case is not whether Plaintiff was hired to teach classes, but whether terms of Plaintiff's employment included a written agreement which expressly restricted the District's right to terminate him.  It did not.  Plaintiff's allegation that a supervisor made a "promise" of continued employment does not establish that there was a written contract expressly limiting the District's right to terminate him as an at-will employee.  Nor does it establish that the alleged "promise" was made by a person with

authority to bind the District to an "at-will" agreement.  Plaintiff acknowledges that he agreed to teach certain classes by email "each school session," [*Plaintiff's Response*, Doc. 8 at 2] but does not allege (nor can he) that these communications "expressly restrict[ed] the right of either party to terminate the relationship."

Plaintiff's 14th Amendment Due Process claim (Count I) therefore fails and should be dismissed.

## II.     PLAINTIFF'S DISMISSAL DID NOT AFFECT ANY LIBERTY INTEREST

Plaintiff cites no authority in support of his claim of a violation of a liberty interest (Count II).  Instead he asks the court to "presume" that he had such an interest. To state a liberty interest claim Plaintiff must allege that not only that he is unable to pursue his occupation as a teacher, but also that this inability to do so is due to government actions that were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  *Wedges/Ledges of California, Inc. v. City of Phoenix*, Ariz., 24 F.3d 56, 65 (9th Cir. 1994).  This kind of claim is limited "to extreme cases, such as a 'government blacklist, which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure.'"  *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007), *aff'd* 553 U.S. 591 (2008) (employee must show that the stigmatizing actions make it virtually impossible for the employee to find new employment in his chosen field); *Trejo v. Shoben*, 319 F.3d 878, 889 (7th Cir.2003) (plaintiff must show that defendant's conduct "had the effect of blacklisting the employee from employment in comparable jobs.").

Plaintiff points to no allegations in his complaint of conduct that would support a claim for a liberty interest or substantive due process violation (Count II).  This claim should also be dismissed.

7496464.1                                              3

### III. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM FOR AN EQUAL PROTECTION VIOLATION

With regard to Count III, Plaintiff provides no authority in support of his claim. His response merely re-alleges his assertion that he had a protected property interest in his employment and was entitled to notice and a hearing before his termination. [*Plaintiff's Response*, Doc. 8 at 3-4]. For the reasons stated above, Plaintiff was not entitled to such process. In addition, Plaintiff provides no legal authority or theory which allows him to bring a "class of one" equal protection claim. This claim is barred under the Supreme Court's holding in *Engquist* and should be dismissed. *See Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 598, 128 S. Ct. 2146, 2151, 170 L. Ed. 2d 975 (2008) (the class-of-one theory of equal protection has no application in the public employment context).

### IV. PLAINTIFF'S DISMISSAL FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count V, Plaintiff makes a claim for intentional infliction of emotional distress. Plaintiff does not allege any specific conduct which he claims is "extreme" or "outrageous." In order to be actionable such defendants' acts must be so outrageous in character so extreme degree as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community. *Mintz, v. Bell Atlantic Systems Leasing, Int., Inc.*, 183 Ariz. 550, 553-54 905 P.2d at 559, 562-63 (App. 1995).

Plaintiff's claims that Defendants were "openly hostile to Republicans and President Trump" and that he was "targeted because of [his] candidacy and not because of [his] job performance" fall far short of the level of extreme or outrageous conduct. Arizona courts have found far more extreme conduct not be actionable. See *Nelson v. Phoenix Resort Corporation*, 181 Ariz. 188, 192-193 888 P.2d 1375, 1379-1380 (App. 1994) (Phoenician Resort CFO did not state a claim for intentional infliction of emotional

distress, when he was fired at 2:00 a.m. and escorted from the Phoenician property accompanied by two security guards while the news media was present); See also, *Mintz*, 183 Ariz. at 555, 905 P.2d at 563 (hand delivering letter to a hospitalized employee telling the employee to return to work or be fired is not "extreme and outrageous" conduct); *Tempesta v. Motorola, Inc.*, 92 F.Supp.2d 973 (D. Ariz. 1999) (employee whose job was eliminated after 13 years with the company and was subject to alleged harassing treatment by supervisor did not state a claim for intentional infliction of emotional distress); *Baron v. Arizona*, 270 Fed. Appx. 706, 710 (9th Cir. 2008).

Plaintiff has not alleged facts that would state a claim on this Count, and his intentional infliction of emotional distress claim must be dismissed.

## V. COMPLIANCE WITH LOCAL RULE 12.1(C)

In accordance with Local Rule 12.1(C), Defendants sent an email to what it understood to be Plaintiff's email address to confer on the basis of the Motion. Defendants, however, did not send the email to the proper email address. When Plaintiff informed counsel that he had not received Defendants' communication, Defendants resent the email and offered to withdraw their Motion if an agreement could be reached to cure the deficiencies in the Complaint by amendment. Plaintiff did not agree to cure the deficiencies in his Complaint. Defendants believe that they have complied with Local Rule 12.1(C) in attempting to resolve the issue without needing to resort to a Motion to Dismiss.

## VI. CONCLUSION

For the reasons set forth above, Counts I, II, III and V, of Plaintiff's complaint should be dismissed with prejudice.

DATED this 1st day of April, 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ravi V. Patel
Gordon Lewis
Ravi V. Patel
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

ROBERT J. WILSON
2151 N. Avenida Tabica
Green Valley, AZ 85614
*Plaintiff, Pro Per*


/s/ Martin Lucero