Gordon Lewis, Bar #015162
Ravi V. Patel, Bar #030184
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7897
glewis@jshfirm.com
rpatel@jshfirm.com

Attorneys for Defendants

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J. Wilson,<br><br>    Plaintiff,<br><br>v.<br><br>Governing Board of Maricopa County Community College District; Maria Harper-Marinick, in her individual and official capacity; and Kate Smith, in her individual and official capacity,<br><br>    Defendants. | NO. 4:19-cv-00068-JAS<br><br>**Defendants' Motion to Dismiss Plaintiff's First Amended Complaint** |

       Plaintiff's First Amended Complaint does not cure the deficiencies in Plaintiff's original Complaint, identified in Defendants' Motion to Dismiss [Doc. 6], but instead adds new meritless state law claims Defendants Maricopa County Community College District ("MCCCD" or "the District"), Maria Harper-Marinick, and Kate Smith (collectively "Defendants") move to dismiss Plaintiff's Procedural Due Process, Substantive Due Process, Equal Protection, Intentional Infliction of Emotional Distress, and Duty of Transactional Fairness and Common Law Fraud claims pursuant to Rule 12(b)(6), Fed.R.Civ.P.

       Plaintiff Robert Wilson is a former adjunct professor whose employment with the District was terminated in the fall of 2018. His Procedural Due Process (Count I), Substantive Due Process (Count II), and Equal Protection Claims (Count III) all arise

7505904.1

from his mistaken belief that he was entitled to a hearing in connection with his termination. He was not. The allegations in the complaint establish that Plaintiff is an at will employee under Arizona law. See A.R.S. § 23–1501(2).[1] Nor is Plaintiff entitled to a name clearing hearing in connection with his termination. He has not alleged an infringement upon his liberty interest that would trigger a right to a name clearing hearing. Further, Plaintiff cannot bring an equal protection claim because he is not a member of a protected class. Defendants' alleged actions, as set forth in the complaint, are insufficient to state a claim under Arizona law for intentional infliction of emotional distress (Count V). Finally, a termination of an employee's at-will employment does not breach the implied covenant of good faith and fair dealing and Plaintiffs' allegations fail to state a claim for common law fraud (Count VI).

For these reasons, as set forth in more detail in the memorandum of points and authorities below, Counts I, II, III, V, and VI of Plaintiff's First Amended Complaint should be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF DOES NOT HAVE A PROPERTY INTEREST IN THE ADJUNCT PROFESSOR POSITION

Count I of Plaintiff's complaint, alleging a 14th Amendment Due Process claim based on the denial of a property interest in his employment, is meritless. Due process protects only an employee who has a property interest in continued employment, and who is terminated from that employment. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (to state a claim under the Due Process Clause, a plaintiff must first establish that he possessed a "property interest" that is deserving of constitutional protection). State law dictates whether an individual has a property right in continued employment. *Id*. ("Property interests ... are not created by the

---

[1] For purposes of the motion, Plaintiff's factual allegations are assumed to be true. Defendants do not acknowledge the truth of any of Plaintiff's allegations, and do not waive any of their defenses by virtue of this Motion.

7505904.1                                          2

Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits"), citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Plaintiff's complaint acknowledges that Plaintiff was an adjunct professor with no contract of employment. (Doc. 7 at ¶15). As an adjunct professor, Plaintiff was an at-will employee, and had no protected property interest in his continued employment. Under the Arizona Employment Protection Act ("AEPA"), the public policy of the state of Arizona is that an employment relationship is at-will, "unless both the employee has signed a written contract to the contrary…expressly restricting the right of either party to terminate the employment relationship." A.R.S. §23-1501(2).

Plaintiff alleges that his employment relationship was formed when he sent an email to the Rio Salado Faculty Services Department accepting an assignment to teach one or more paralegal classes (Doc. 7 at ¶15). This is insufficient to defeat the presumption of at-will employment. First, the email exchange is not alleged to have contained an express restriction on the right of either party to terminate the employment relationship. In fact, the emails attached to Plaintiff's First Amended Complaint contain no express restriction on the right of the District to terminate Plaintiff. (See e.g. Exhibit "A" to Plaintiff's First Amended Complaint, Doc. 7-1 at 2-4.) Second, the email exchange does not contain signatures of both parties.

Courts have consistently found that allegations similar to plaintiffs fail to establish a contract for employment for a definite duration. In *Horizon Corp. v. Weinberg*, the Court of Appeals held that "[t]he fact that Horizon advertised the employment as 'permanent' or 'career' did not make the employment one for a definite period, but one of indefinite duration and terminable at will." 23 Ariz. App. 215, 217, 531 P.2d 1153, 1155 (1975). In *White v. AKDHC, LLC*, the U.S. District Court held that a claim of "guaranteed" salary and bonus projections did not qualify as a statement that the

employment relationship has a specified duration of at least five years. 664 F. Supp. 2d 1054, 1063 (D. Ariz. 2009).

Plaintiff also alleges that he had a property interest in his employment because he "qualified for inclusion" in MCCCD's employment manual, and that he was entitled to notice and hearing under Policy A-3 of the handbook. (Doc. 7 at ¶¶22-23).[2] Plaintiff's allegations fail to meet the requirements of the AEPA. Under the AEPA an employee handbook may only form an employment contract, if it "expresses the intent that it is a contract of employment" ***and*** "expressly restrict[s] the right of either party to terminate the employment relationship." *Taylor v. Graham County Chamber of Commerce*, 201 Ariz. 184, 194, ¶ 38, 33 P.3d 518, 528 (App. 2001). Plaintiff makes no allegation that the handbook expresses the intent to be a contract of employment. This claim, therefore fails and should be dismissed.

## II.    PLAINTIFF'S DISMISSAL DID NOT AFFECT ANY LIBERTY INTEREST

Dismissal is also appropriate as to Count II of Plaintiff's complaint, in which, he alleges that Defendants' actions deprived him of a hearing to clear his name in connection with his termination. (Doc. 7 at ¶28). Plaintiff alleges this claim, which in essence asserts a due process violation arising from an injury to his liberty interest, as a substantive due process claim. In order to establish such a claim, Plaintiff must show not only that he is unable to pursue his occupation as a teacher, but also that this inability to do so is due to government actions that were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Wedges/Ledges of California, Inc. v. City of Phoenix*, Ariz., 24 F.3d 56, 65 (9th Cir. 1994). This kind of claim is limited "to extreme cases, such as a 'government blacklist,

---

[2] Policy A-3 of the Staff Policy Manual, relied upon by Plaintiff, does not guarantee MCCCD employees due process rights. (See https://cdn.maricopa.edu/documents/pdf/hr/handbooks/Staff_Policy_Manual.pdf) The Court may consider this document without converting this motion into a Rule 56 motion, because it is both a public document and incorporated by reference in Plaintiff's complaint. See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (Court may consider document relied upon by Plaintiff in ruling on a 12(b)(6) motion).

7505904.1                                              4

which when circulated or otherwise publicized to prospective employers effectively excludes the blacklisted individual from his occupation, much as if the government had yanked the license of an individual in an occupation that requires licensure.'" *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 997-98 (9th Cir. 2007), *aff'd* 553 U.S. 591 (2008) (employee must show that the stigmatizing actions make it virtually impossible for the employee to find new employment in his chosen field); *Trejo v. Shoben*, 319 F.3d 878, 889 (7th Cir.2003) (plaintiff must show that defendant's conduct "had the effect of blacklisting the employee from employment in comparable jobs.").

However, while Plaintiff asserts that he has been "blacklisted" and "branded unemployable" by the District, he does not support this conclusion with factual allegations. (Doc. 7 at ¶¶18, 31). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Moss v. US. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009)( "[B]are assertions ... amount[ing] to nothing more than a formulaic recitation of the elements" are insufficient to survive a Rule 12(b)(6) Motion to Dismiss.). Plaintiff fails to identify any actions by Defendants that could be construed as blacklisting. See *Longariello v. Phoenix Union High Sch. Dist.*, CV-09-1606-PHX-LOA, 2009 WL 4827014, at *5 (D. Ariz. Dec. 15, 2009); *Jenkins v. Sw. Gas Corp.*, CV09382-TUC-JMR-JCG, 2009 WL 6302956, at *8 (D. Ariz. Oct. 5, 2009), report and recommendation adopted, CV09-382TUC-JMR, 2010 WL 1194486 (D. Ariz. Mar. 22, 2010) (dismissing conclusory allegation of blacklisting); *Pollitt v. Casa Grande Union High Sch. Dist. No. 82*, CV-13-00383-TUC-RM, 2015 WL 13215019, at *2 (D. Ariz. June 11, 2015), *aff'd*, 677 Fed. Appx. 320 (9th Cir. 2017)(dismissing blacklisting claim which does not allege an agreement between two or more employers); *Allen v. Quest Online, LLC*, No. CV-11-138-PHX-GMS, 2011 WL 4403674, *7 (D. Ariz. Sept. 22, 2011) ("Plaintiff's claim for blacklisting fails as a matter of law because he has not alleged that [Defendant] entered

into an understanding or agreement between employers to interfere with [Plaintiff's] ability to obtain employment.").

This claim should also be dismissed.

## III. PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM FOR AN EQUAL PROTECTION VIOLATION

In Count III, Plaintiff restates his due process claim as an equal protection claim alleging that because he did not receive notice and a hearing prior to his termination, he was "denied his equal rights of treatment with the other recognized employees of Defendants." (Doc. 7 at ¶¶33-35).  First, this claim should be dismissed because Plaintiff's allegations do not demonstrate that he had a property interest in his employment and he therefore was not entitled to notice and a hearing before his termination.

Second, Plaintiff does not allege that he was a member of a protected class. He brings this claim as a "class-of-one."  The Supreme Court has held that a public employee cannot state a claim under the Equal Protection Clause by alleging that he was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class. *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 598, 128 S. Ct. 2146, 2151, 170 L. Ed. 2d 975 (2008) (the class-of-one theory of equal protection has no application in the public employment context).  Because this claim essentially asserts a "class of one" equal protection claim, which is not actionable, it should be dismissed.

## IV. PLAINTIFF'S DISMISSAL FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count V, Plaintiff makes a claim that a civil conspiracy existed to commit intentional infliction of emotional distress.   As an initial matter, for a civil conspiracy to occur two or more persons must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages. *Savard v. Selby*, 19

7505904.1                                         6

Ariz.App. 514, 508 P.2d 773 (1973); *Uvodich v. Arizona Board of Regents*, 9 Ariz.App. 400, 453 P.2d 229 (1969). "A corporation cannot conspire with itself any more than a private individual can," nor with its directors if they are acting in the corporation's behalf. *Nelson Radio & Supply Co. v. Motorola*, 200 F.2d 911, 914 (5th Cir.1952), cert. denied, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953); 15A C.J.S. Conspiracy § 2 (1967).  As a result, defendants, all of whom were employees of the District, could not have engaged in a civil conspiracy with respect to Plaintiff's employment.

Further, to state a claim for intentional infliction of emotional distress, Plaintiff must show: (a) conduct by the defendants was "extreme" and "outrageous," (b) that defendants either intended to cause emotional distress or recklessly disregarded the near certainty that such distress would occur from their conduct, and (c) severe emotional distress resulting from defendants' conduct. *Mintz, v. Bell Atlantic Systems Leasing, Int., Inc.*, 183 Ariz. 550, 553-54 905 P.2d at 559, 562-63 (App. 1995).  To state a claim, a plaintiff must show that a defendants' acts were so outrageous in character so extreme degree as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community. *Id*. "Only when reasonable minds can differ in determining whether the conduct is sufficiently extreme and outrageous does the issue go to a jury." *Id*.  The trial court determines whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief. *Id*.

As a matter of law, Plaintiff's allegations cannot give rise to a claim of intentional infliction of emotional distress.  Plaintiff essentially alleges that as the result of a newspaper article, Defendants decided to terminate him. (Doc. 7 at ¶¶42-43).  He was notified by his supervisor in a phone call. (Doc. 7 at ¶42).   Nothing about the alleged conduct is so outrageous in character or so extreme degree as to be regarded as utterly intolerable in a civilized community.

*Nelson v. Phoenix Resort Corporation*, 181 Ariz. 188, 888 P.2d 1375 (App. 1994), illustrates the appropriate result in this matter.  In Nelson, the chief financial officer of the Phoenician was fired by being called at his home at 2:00 a.m., and was

escorted from the Phoenician property accompanied by two security guards while the news media was present. *Nelson*, 181 Ariz. at 192-193, 888 P.2d 1379-1380. The CFO claimed that his termination constituted intentional infliction of emotional distress, but the court found that the termination was not outrageous and extreme conduct sufficient to state a claim. *Id*. at 199-200, 888 P.2d at 1386-1387. See also, *Mintz*, 183 Ariz. at 555, 905 P.2d at 563 (hand delivering letter to a hospitalized employee telling the employee to return to work or be fired is not "extreme and outrageous" conduct); *Tempesta v. Motorola, Inc.*, 92 F.Supp.2d 973 (D. Ariz. 1999) (employee whose job was eliminated after 13 years with the company and was subject to alleged harassing treatment by supervisor did not state a claim for intentional infliction of emotional distress); *Baron v. Arizona*, 270 Fed. Appx. 706, 710 (9th Cir. 2008). As in *Nelson*, the circumstances surrounding Plaintiff's termination do not rise to the level to support an intentional infliction claim. Indeed, "[i]t is extremely rare to find conduct in the employment context that will arise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Mintz*, 183 Ariz. at 554, 905 P.2d at 563 (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3rd Circuit 1988)). Plaintiff has not alleged facts that would state a claim on this Count, and his intentional infliction of emotional distress claim must be dismissed.

### V. THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING DOES NOT PREVENT TERMINATION OF AN AT-WILL EMPLOYEE.

Plaintiff's "Duty of Transactional Fairness" claim is, in essence, a claim for a breach of the implied covenant of good faith and fair dealing. (See Doc. 7 at ¶46). It is well established in Arizona that the implied covenant of good faith and fair dealing does not create a protected right to employment. See e.g. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 385, 710 P.2d 1025, 1040 (1985) ("What cannot be said is that one of the agreed benefits to the at-will employee is a guarantee of continued employment or tenure."); *Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1156 (D. Ariz. 2016), *aff'd*, 705 Fed.

Appx. 539 (9th Cir. 2017) ("the covenant of good faith and fair dealing does not create a duty for the employer to terminate the employee only for good cause, nor does it protect the employee from a "no-cause" termination.); *Nelson v. Phoenix Resort Corp.*, 181 Ariz. 188, 197, 888 P.2d 1375, 1384 (App. 1994)(same).

As set forth in Section I, *above*, Plaintiff's employment with the District was on an "at-will" basis. Plaintiff's allegations that he was "virtually a full time employee" or that he was verbally guaranteed permanent employment by virtue of a "cowboy contract" is insufficient to establish an agreement for permanent employment under Arizona law. A contract for permanent employment must be in writing. A.R.S. §23-1501(A)(2) ("The employment relationship is severable at the pleasure of either the employee or the employer unless both the employee and the employer have signed a written contract to the contrary setting forth that the employment relationship shall remain in effect for a specified duration of time or otherwise expressly restricting the right of either party to terminate the employment relationship."); A.R.S. §44-101(5)(under Statute of Frauds a contract which cannot be completed within 1 year must be in writing).

Because Plaintiff was an at-will employee, he had no reasonable expectation to continued employment, which could give rise to a breach of the implied covenant of good faith and fair dealing. See *Randell v. Levi Strauss & Co.*, 281 Fed. Appx. 762, 763 (9th Cir. 2008). This claim should be dismissed.

## VI.     PLAINTIFF HAS FAILED TO STATE A CLAIM FOR COMMON LAW FRAUD

Plaintiff's claim for common law fraud, also asserted in Count VI, is also not actionable, and should be dismissed. As an initial matter, the Federal Rules of Civil Procedure have adopted a heightened pleadings standard for claims of fraud. "Rule 9(b) provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' " *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011) (quoting Fed. R. Civ. P. 9(b)). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and

how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false.' " *Id.* at 1055 (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

To state a claim for common law fraud under Arizona law, a plaintiff must show a concurrence of nine elements, which are: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979). A claim for common law fraud cannot be premised on an unfulfilled promise or statement or expression of intention unless the statement was made with an intention not to perform at the time it was made. *Id.*

Plaintiff has failed to do so. For instance, while Plaintiff relies on a vague allegation of a "cowboy contract"[3] with the District and claims that he "relied upon promises of permanent continued employment" (Doc. 7 at ¶52), he does not allege that the alleged promises were made with an intention not to perform. Nor does he allege that the promises were made by individuals with authority to bind the District. Nor does he allege that any such reliance was to his detriment. He does not, for instance, allege that he was not compensated for his work, nor could he. (See e.g. Doc. 7 at ¶54, alleging that he was in good standing with the State Retirement Program). Finally, he fails to allege that he suffered an injury.

As a result, the common-law fraud claim in Count VI should be dismissed.

## VII.    COMPLIANCE WITH LOCAL RULE 12.1(C)

Defendants, through undersigned counsel, certify that before filing this motion, they notified Plaintiff in writing of the issues asserted in the motion, pursuant to

---

[3] It is unclear what Plaintiff means by a "cowboy contract."

7505904.1                                          10

LRCiv. 12.1(c). The parties were unable to agree that the pleading was curable in any part by a permissible amendment.

## VIII. CONCLUSION

For the reasons set forth above, Counts I, II, III, V and VI, of Plaintiff's complaint should be dismissed with prejudice.

DATED this 4th day of April, 2019.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ravi V. Patel
Gordon Lewis
Ravi V. Patel
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April 2019, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

ROBERT J. WILSON
2151 N. Avenida Tabica
Green Valley, AZ 85614
*Plaintiff, Pro Per*

/s/ Martin Lucero